UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SOLANGE CHADDA,

                                    Plaintiff,

                -against-                                          14-cv-3459 (LAK)

BILL BADGETT, et al.,

                                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/14/2015__

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        Defendant Anfantis moved to dismiss the complaint for lack of subject matter and personal jurisdiction and failure to state a claim on which relief may be granted. [DI 8] Plaintiff moves, *inter alia,* for leave to amend the complaint. [DI 17]  In a report and recommendation dated December 19, 2014, Magistrate Judge Kevin Nathaniel Fox recommended that (a) Anfantis' motion be granted to the extent that the complaint be dismissed as against Anfantis for lack of personal jurisdiction, dismissed (without specific limitation to Anfantis) for failure to state a claim upon which relief may be granted, and otherwise be denied and (b) plaintiff's (deemed) motion for leave to amend be denied on the ground that the proposed amended complaint would not cure the deficiencies of the complaint (the "R&R").  Objections, if any, were due on or before January 5, 2015.

        Plaintiff acknowledges that she received the R&R on December 28, 2014.  She has filed no objections denominated as such.  Rather, on January 8, 2015, she moved before the undersigned to disqualify Magistrate Judge Fox for bias.  She neither has sought nor received an extension of time within which to object to the R&R.

        As plaintiff is proceeding *pro se,* the Court will treat her motion to disqualify Magistrate Judge Fox as an objection to the R&R.  Further, it will extend her time within which to file that objection, *nunc pro tunc,* to and including the date of its receipt by the Court, which was January 12, 2015.  Accordingly, it will treat the motion on the merits.  That, however, is the limit of the Court's solicitude.

        As an initial matter, plaintiff was obliged by the order of reference to make any motion to disqualify Magistrate Judge Fox before him.  She failed to do so.  That in itself is sufficient reason to deny the motion and, treating it as an objection to the R&R, to overrule it.

Even if the point were considered on its merits, there is nothing in the plaintiff's papers beyond innuendo (for which there appears to be no basis in fact) to suggest any basis for recusal.

Plaintiff begins by writing:

"To Magistrate Fox (state as a personal interest regarding the opinion of magistrate Fox.

"Personnal [*sic*] financial interests with defendants especially Bill Badgett and their personal and financial Affairs of their friends judges in Louisiana.

"A magistrate speaking engagements have limits under judicial canon 2 and the limits, collectively mandate, magistrate Fox.

"Under 28 U.S.C. $455 magistrate fox did legal errors, which include:

"Misapplying the timeless standard under $455 (a) by erroneously transforming the obligation of a magistrate to fully disclose conduct that might appear improper into a burden on litigants to investigate the mimpartiality [*sic*] of their magistrate, in this case magistrate fox (he should have recused himself knowing since day one that was a conflict of interest w badgett, Badgett being beyong [*sic*] the law, sent

"An email regarding that facts)"

And so on.

To start with the obvious, any legal errors that may have been committed are not a basis for disqualification, *Liteky v. United States,* 510 U.S. 540 (1994), except to whatever extent the magistrate judge has misconstrued Section 455 and his or her disqualification would have been required under the correct interpretation. But that is not the case here.

As for the rest of it, plaintiff has alleged no facts that plausibly suggest that Magistrate Judge Fox had any relationship with any of the defendants, let alone that he was involved in personal and financial affairs with them. The relevance of speaking engagements, if Judge Fox had any, is entirely obscure. And notwithstanding the reference to some email, there is no email in the record.

In short, the objections are overruled and the motion to recuse Magistrate Judge Fox is denied. The motion of defendant Anfantis to dismiss the complaint for lack of subject matter and personal jurisdiction and failure to state a claim on which relief may be granted [DI 8] is granted on the latter two grounds. Plaintiff's deemed motion for leave to amend [DI 17] is denied. Treating the recently filed paper [DI 41] as a motion to disqualify Magistrate Judge Fox, that motion too is denied. All other unresolved motions are denied as moot.

3

The Clerk shall enter final judgment and close the case.

SO ORDERED.

Dated:        January 13, 2015

_____

Lewis A. Kaplan
United States District Judge